IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH DEWEY VOSS, | |
| Plaintiff, | 4:15CV3137 |
| v. | |
| PETE RICKETTS, Individual and as Governor, the State of Nebraska, et al., | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Kenneth Dewey Voss, a non-prisoner, filed this case on November 12, 2015. Voss has been granted leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Voss's Complaint (Filing No. 1), Amended Complaint (Filing No. 8), and Second Amended Complaint (Filing No. 10)[1] to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Voss has filed "Complaint[s] for False Arrest and Imprisonment, Battery, and Malicious Prosecution and Violation of Natural and Civil Rights" against 25 defendants, in their individual and official capacities, who can generally be categorized as the Nebraska Governor; Nebraska Attorney General; judges of the Nebraska Supreme Court, Nebraska Court of Appeals, Brown County Court, and District Court for the 8th Judicial District of Nebraska; sheriff and deputy sheriff of Brown County, Nebraska; clerks of the county and district courts in Brown County;

---

[1] Plaintiff filed two amended complaints without permission from the court, as required by Nebraska Civil Rules 15.1(a) and 15.1(c). Pursuant to Nebraska Civil Rule 15.1(b), I shall treat these amended pleadings as supplemental to Plaintiff's original complaint.

mayor of Long Pine, Nebraska; city attorney for Long Pine; and county attorney for Brown County. Voss has also sued "John and Jane Does, 1-99, officials and officers of the State of Nebraska, or any political subdivision thereof."

Voss alleges that he is "a man created by Nature and the Laws of Nature's God"; he is "one of the 'people of the United States'" who lives on "the land of the United States"—not the State of Nebraska—and he "has made his individual Political Character and Status well known by recording the same in the Public Record of Brown County, Nebraska." Voss purports to bring this action pursuant to the United States Constitution for the defendants' violation of their oaths of office, alleging "denial of political character and status recognition" by the defendants, who "are charged with not only knowing the laws of the State of Nebraska and enforcing those said laws . . . , but also in knowing to whom those said laws are applicable." Voss contends that the defendants "should know the laws of the State of Nebraska only apply on the land of Nebraska with the consent of the 'people of the United States,'" and Plaintiff, who is one of the "people of the United States," "does not consent to the application of the laws of the State of Nebraska on the land of Nebraska in relation to himself and his property." (Filing No. 1, Complaint at CM/ECF pp. 7-8.)

Voss purports to bring three causes of action: (1) "denial of political character and status recognition"; (2) "violation of the oaths of office"; and (3) "continuing criminal enterprise" with a "pattern of racketeering activity" under "CIVIL RICO," 18 U.S.C. § 1961, *et seq*., to violate the United States Constitution, the "Supreme Law of the Land," the Declaration of Independence, and the "Definitive Treaty of Peace, 1783." Voss claims damages of approximately $722 million.

Voss alleges that certain defendants "invaded the land of Nebraska, without the consent of the 'people of the United States,'" and acted as follows:

•Brown County Deputy Sheriff Zack Welch arrested Plaintiff without probable cause or a warrant and incarcerated him for 31 hours in the Brown County Jail

when Plaintiff had not committed "any offense against the laws of the land of Nebraska." (Filing No. 1 at CM/ECF pp. 8-9.)

•Clerk of Brown County District Court Travis Hobbs, without probable cause, "charged" Plaintiff with violating a Nebraska statute governing the return of jury-duty questionnaires and ordered Plaintiff to show cause why he should not be held in contempt of court when Plaintiff had not committed "any offense against the laws of the land of Nebraska." After a "trial," the Nebraska Court of Appeals "failed/refused to honor the political character and status of the Plaintiff by refusing to dismiss the said Case." (Filing No. 1 at CM/ECF pp. 8-9.)

•Long Pine Mayor Beverly Newport, without probable cause, "charged" Plaintiff with a violation of Nebraska and/or Long Pine statutes regarding "cleaning up his private property" and ordered Plaintiff to show cause why he should not be held in contempt of court when Plaintiff had not committed "any offense against the laws of the land of Nebraska." After a "trial," the Nebraska Court of Appeals "failed/refused to honor the political character and status of the Plaintiff by refusing to dismiss the said Case, for lack of in personam jurisdiction." (Filing No. 1 at CM/ECF p. 9.)

•Governor Pete Ricketts, Attorney General Doug Peterson, and Brown County Sheriff Bruce Papstein failed to properly train and/or supervise Brown County Deputy Sheriff Zack Welch regarding the "political character and status of 'the people of the United States' operating on the land of Nebraska," and they should have known that Plaintiff's "political character and status" prevented the Nebraska Court of Appeals and Nebraska Supreme Court from exercising personal jurisdiction over him. (Filing No. 1 at CM/ECF pp. 10-11; Filing No. 8 at CM/ECF p. 14.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)]().

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007)]()*; *see also [Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)]()* ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *[Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014)]()* (quoting *[Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)]()*). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *[Topchian, 760 F.3d at 849]()* (internal quotation marks and citations omitted).

## III. DISCUSSION

The basis of all of Plaintiff's claims—that he is not a person over whom state, county, and city officials and judges have the authority to apply the law—is similar to arguments raised by "tax protesters, 'constitutionalists,' and others claiming to be

4

operating under an alternative legal system," *Whitley v. Webs*, No. 15-CV-3771 LB, 2015 WL 5184971, at *1 (N.D. Cal. Sept. 4, 2015), and such arguments have consistently been rejected as frivolous. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (criticizing appellant's claim that she was not "taxpayer" to whom Internal Revenue Code applied because she was "an absolute, freeborn and natural individual"; noting that "[a]n individual is a 'person' under the Internal Revenue Code," arguments to the contrary "ha[ve] been consistently and thoroughly rejected by every branch of the government for decades," and "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them"); *United States v. Rice*, 659 F.2d 524, 528 (5th Cir. 1981) (noting the frivolousness of argument that appellant was not "person" required to file income tax return under federal law); *Lovell v. United States*, 755 F.2d 517, 519-520 (7th Cir. 1984) (imposing sanctions against pro se plaintiffs for making frivolous argument in bad faith that as "natural persons" they were "exempt from federal taxation"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("contention that defendant was not an 'individual' under the Internal Revenue Code also is frivolous"); *Blanchette v. Soc. Sec. Admin.*, No. CIV.A. 13-12655-RGS, 2014 WL 667514, at *2 (D. Mass. Feb. 21, 2014) (referring to frivolous and "well-worn tax-protester arguments" and noting irony of plaintiff claiming he was not a "person" subject to internal revenue tax, but attempting to recover damages as a "person" under the Social Security Act); *Jones vs. I.R.S.*, 2012 WL 5334631, *2 (D. Mont. Oct. 26, 2012) (argument that plaintiff was not "taxpayer" subject to federal taxation was "without merit and . . . frivolous").

Because all of Plaintiff's claims are rooted in the idea that he is not an individual to whom Nebraska law applies, Plaintiff's complaints must be dismissed as frivolous. Plaintiff shall *not* be given leave to file a fourth complaint in order to amend these claims because such amendments would be futile. *See Stricker v. Union Planters Bank*, 436 F.3d 875, 878 (8th Cir. 2006) (court may deny motion for leave to amend if amendment would be futile).

5

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint (Filing No. 1), Amended Complaint (Filing No. 8), and Second Amended Complaint (Filing No. 10) are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2. All pending motions are denied as moot; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 31st day of March, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge